MANZETA *v.* HEIDLOFF.

1. CHATTEL MORTGAGES—FORECLOSURE—PAYMENT INTO COURT.
   *Bringing into court,* as the term is used in statute providing for dismissal of bill to foreclose a chattel mortgage, encompasses both a payment into court and a tender in open court of the principal and interest due, with costs (CL 1948, § 619.33).

2. COSTS—NEITHER PARTY PREVAILING IN FULL.
   No costs are allowed on appeal in suit to foreclose mortgage, where neither party has prevailed in full.

REFERENCES FOR POINTS IN HEADNOTES
[1] 36 Am Jur, Mortgages § 444.
[2] 14 Am Jur, Costs §§ 10, 11.

Appeal from Wayne; Gilmore (Horace W.), J. Submitted April 3, 1963. (Calendar No. 20, Docket No. 50,042.) Decided October 10, 1963.

Bill by Peter Manzeta, Jr., against Theodore Thomas Heidloff to foreclose chattel mortgage. Default judgment for plaintiff set aside, and case dismissed upon refusal of tender. Plaintiff appeals. Modified to provide for payment of amount due into court and remanded.

*Harold Helper* and *Jacob F. Schulman,* for plaintiff.

*Joseph A. Gillis,* for defendant.

PER CURIAM. In an action based upon a note and chattel mortgage, plaintiff obtained a decree by default against defendant. The remainder due was set at $2,856.21. The decree ordered defendant to pay this sum and further ordered the transfer of a tavern license and disposition of tavern equipment. Within time allotted by law, defendant filed a motion to set aside the default decree alleging no personal service and improper return of service. Further, it was alleged that a gross injustice would occur if the decree were not set aside for the reason that defendant had paid a total of $17,000 plus interest on the overall purchase price of $20,000. In addition, defendant's motion claimed he was "prepared to pay into court the sum of $3,000" to cover balance due and costs. Plaintiff opposed the motion. After hearing, the trial court entered an order setting aside the default decree and requiring defendant to file answer within 15 days. Defendant answered within this time and claimed 2 affirmative defenses: (1) a present offer to pay into court the full amount due; and (2) a motion to dismiss based upon his prior

offer to pay the full amount due made in defendant's motion to set aside the default decree. The trial court entered a decree of dismissal based upon CL 1948, § 619.33 (Stat Ann § 27.1143),* finding that defendant's attorney had tendered to plaintiff's attorney, in open court, the full amount due at that time, $3,030.89, and tender was refused.

Plaintiff presents 2 questions for review. One is sufficiently dispositive of the case: did the trial court err in dismissing plaintiff's bill of complaint under the cited statute without requiring defendant to pay into court the full amount due. The quoted statute provides that "the bill shall be dismissed upon the defendant's bringing into court, at any time before the decree of sale, the principal and interest due, with costs." "Bringing into court", within the meaning of this statute, encompasses both a payment into court and a tender in open court. Plaintiff should have accepted the tender in open court. However, to prevent this obduracy over method from prolonging the litigation, the decree of dismissal shall be modified to provide for payment by defendant into circuit court of the amount due.

Remanded for modification consistent with this opinion. No costs in this Court, neither party having fully prevailed.

Carr, C. J., and Dethmers, Kelly, Black, Kavanagh, Souris, Smith, and O'Hara, JJ., concurred.

---

* "Sec. 33. Whenever a bill shall be filed for satisfaction or foreclosure of any mortgage, upon which there shall be due any interest, or any portion or installment of the principal, and there shall be other portions or installments to become due subsequently, the bill shall be dismissed upon the defendant's bringing into court, at any time before the decree sale, the principal and interest due, with costs."